IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBYN MAY, individually and as parent and legal guardian of J.M., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC.,<br><br>Defendant. | No. 2:21-cv-00327-BJR<br><br>ORDER ON STIPULATED MOTION TO APPROVE SETTLEMENT AND DISTRIBUTE FUNDS |

This matter comes before the Court on the parties' Stipulated Motion to Approve Settlement and Distribute Funds. Dkt. No. 16. The parties seek approval of a proposed settlement of claims involving a minor.

Having reviewed the materials submitted by the parties and the balance of the record in this case, the Court finds that an independent guardian ad litem (GAL) should be appointed pursuant to Local Civil Rule 17(c) to investigate the adequacy of the proposed settlement and to provide a report to the Court. The Court therefore DENIES the parties' stipulated motion, without prejudice to renewal after an independent GAL has completed an investigation and report. The reasons for the Court's decision are set forth below.

ORDER - 1

## I. Background

Plaintiff Robyn May has brought this action both as an individual and on behalf of her minor son, J.M. Plaintiff alleges that J.M. suffered injuries when he slipped and fell in a puddle of water inside a Safeway store on April 27, 2019. The medical records submitted by Plaintiff indicate that J.M. was 14 years old at the time of the fall.

Plaintiff brought this lawsuit against Defendant Safeway, Inc. on September 10, 2020, in King County Superior Court. Plaintiff's amended complaint seeks damages for J.M., as well as damages for herself for loss of consortium and loss of income. On March 10, 2021, Defendant removed the case to this Court.

The parties have now filed a stipulated motion for approval of settlement and disbursement of funds. The parties indicate that they have reached a "tentative settlement agreement," which is "conditioned upon Court approval of the reasonableness of the settlement amounts and proposed distribution of settlement proceeds." Dkt. No. 16 at 2.

The parties propose a total settlement of $30,000, to be distributed as follows:

- $16,953.92 to J.M., to be held in a blocked account;
- $10,000 to Plaintiff's counsel;
- $2,113.06 to pay litigation costs incurred in this action;
- $852.79 to pay a medical bill to MD Injury Care; and
- $80.23 to pay a discounted medical bill to Optum.

The parties assert that the proposed settlement is "more than fair" to J.M. because of the "high net negatives in this case." *Id.* at 3.

ORDER - 2

## II.     Discussion

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.*

To perform this special duty, the Court must first consider whether to appoint a GAL to investigate the adequacy of the proposed settlement and to provide a report to the Court. The parties assert that appointment of a GAL is not necessary "because this is a very simple case." Dkt. No. 16 at 3. However, the parties do not point to any authority suggesting that the decision to appoint an independent GAL to investigate and report on a proposed settlement for a minor depends on the complexity of the case.

The parties point out that the Ninth Circuit has held that appointment of a GAL is discretionary and is not always necessary before a court approves the settlement of a minor's claims. *See, e.g.*, *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) ("Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected."). However, the parties do not address the requirements of Local Civil Rule 17(c), which provides:

> In every case where the court is requested to approve a settlement involving the claim of a minor or incompetent, an independent guardian ad litem, who shall be an attorney-at-law, must be appointed by the court, and said guardian ad litem shall investigate the adequacy of the offered settlement and report thereon; provided, however, that the court

ORDER - 3

may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel.

Here, the parties have not identified a basis for the Court to dispense with the appointment of an independent GAL under Local Civil Rule 17(c). The parties do not indicate that a "general guardian has been previously appointed" for J.M. In addition, J.M. is not represented by "independent counsel" in this matter because his attorney also represents his mother, who has brought her own claims in this action for loss of consortium and loss of income.

The Court also notes that in a similar case brought against Defendant in this District, Magistrate Judge Tsuchida declined to dispense with the appointment of an independent GAL pursuant to Local Civil Rule 17(c). *See M.W. v. Safeway, Inc.*, No. 2:18-cv-01404-RAJ-BAT, 2019 WL 3387659 (W.D. Wash. July 26, 2019). *M.W.* was a personal injury case against Safeway involving a minor in which the parties filed a stipulated motion seeking approval of a proposed settlement totaling $12,000. Similar to this case, the *M.W.* case was brought by the parents of the minor child, who raised claims for personal injuries to their child as well as their own claims for loss of consortium. The parents in *M.W.* sought to avoid the appointment of a GAL under Local Civil Rule 17(c) by relinquishing their loss of consortium claims and asserting that their attorney was "independent counsel" for the child as a result; however, the Court rejected that argument. *Id.* at *4.

In light of the requirements of Local Civil Rule 17(c), the Court declines to dispense with the appointment of an independent GAL to investigate and report to the Court on the

ORDER - 4

adequacy of the proposed settlement.  The Court recognizes that the expenses of a GAL in this matter may result in lowering the total potential recovery available to J.M., which is already relatively modest under the proposed settlement.  In *M.W.*, the Court addressed a similar concern by indicating its willingness to consider appointment of an independent GAL from the Court's pro bono panel, a step that the Court would consider taking in this case as well if requested.

The parties are directed to meet and confer to determine if they can stipulate to appointment of a particular attorney to serve as an independent GAL, or in the alternative if they can stipulate to requesting that the Court seek appointment of an independent GAL from the Court's pro bono panel.  Plaintiff is directed to file a motion for appointment of an independent GAL by December 3, 2021.

### III.     Conclusion

For the foregoing reasons, the Court finds that an independent GAL should be appointed consistent with Local Civil Rule 17(c) to investigate the adequacy of the proposed settlement and to provide a report to the Court.  The parties' Stipulated Motion to Approve Settlement and Distribute Funds (Dkt. No. 16) is therefore DENIED, without prejudice to renewal following the GAL's report regarding the adequacy of the proposed settlement.

DATED November 19, 2021.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 5