IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBYN MAY, individually and as parent and legal guardian of J.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | No. 2:21-cv-00327-BJR<br><br>ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL |

This matter is before the Court on the parties' stipulated petition for appointment of a settlement guardian ad litem from the Court's Pro Bono Panel to investigate and report on the adequacy of a proposed settlement of the claims of Plaintiff J.M., who is a minor. Dkt. No. 20.

As the Court noted in its Order dated November 19, 2021, the Court is required pursuant to Local Civil Rule 17(c) to appoint an attorney to serve as an independent guardian ad litem for J.M. in this matter. Dkt. No. 19. In its prior Order, the Court indicated that it would be willing to consider a request for appointment of an independent guardian ad litem from the Court's Pro Bono Panel, a step that was taken under similar circumstances in the case of *M.W. v. Safeway*, No. 2:18-cv-01404-RAJ-BAT.

ORDER - 1

The Court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). However, appointment of counsel should only be granted in "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Here, the Court finds that exceptional circumstances exist. Local Civil Rule 17(c) requires the Court to appoint an independent guardian ad litem for J.M. to investigate and report to the Court on the adequacy of proposed settlement, but J.M. lacks the financial resources to pay for such services. Furthermore, the proposed settlement amount is relatively modest, and payment of a guardian ad litem from the settlement funds could substantially reduce J.M.'s potential recovery.

Therefore, the Court GRANTS the parties' stipulated petition (Dkt. No. 20). The Court DIRECTS the Clerk to identify an attorney from the Court's Pro Bono Panel to serve as an independent guardian ad litem for J.M. and to perform the duties required by Local Civil Rule 17(c) in connection with the proposed settlement of J.M.'s claims in this matter. After the selected attorney has confirmed that he or she has no conflicts of interest, the Court will issue an order directing appointment of counsel to serve as guardian ad litem.

DATED January 6, 2022.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 2